## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 26-MJ-46** |
| **v.** | |
| **DARRYL JEROME GOLDSTON,** | |
| **Defendant.** | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF
## <u>PRETRIAL DETENTION FOR DEFENDANT DARRYL GOLDSTON</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that Defendant Darryl Jerome Goldston (hereinafter "Defendant") be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E) (Firearm/Other Dangerous Weapon) of the Bail Reform Act.  On March 2, 2026, Defendant—for the second time—possessed an illegal firearm.[1]  Considering the factors specified under 18 U.S.C. § 3142(g), there is no condition or combination of conditions that will reasonably assure his appearance in court and the safety of any other person and the community.

## <u>BACKGROUND</u>

On March 2, 2026, at approximately 1:32 p.m., members of the Metro Transit Police Department ("MTPD") along with members assigned to the United States Marshal Service ("USMS") Capital Area Regional Fugitive Task Force ("CARFTF") were live-monitoring video footage from the Minnesota Avenue Metro Station in Northeast, Washington, D.C., attempting to

---

[1] Defendant is also accused of using, attempting to use, or displaying a firearm in a threatening manner to commit a malicious wounding in Newport News Virginia, under felony arrest warrant 701GM2500018170.

locate and arrest Defendant.  Law enforcement knew Defendant was the subject of a felony arrest warrant (701GM2500018170) for Aggravated Malicious Wounding, issued by a Magistrate Judge in Newport News, Virginia on December 29, 2025.

On March 2, 2026, an MTPD officer observed a suspect, believed to be Defendant, on live video footage board Metro Bus #3062 (hereinafter "bus") at the Minnesota Avenue Metro Station. The bus was driving on the C21 Metro Bus Route.  An officer of MTPD then reviewed the live footage from the interior of the bus and confirmed the individual to be Defendant.  The MTPD officer sent an image of Defendant in his current clothing to additional MTPD officers via email and radio, noting that Defendant was believed to be armed and dangerous.  At 1:46 p.m., law enforcement broadcast to other officers that the bus had just serviced the Benning Road Metro Station on the C21 Metro Bus Route, located at 4500 Central Avenue, NE, Washington, D.C.

At approximately 1:47 p.m., MTPD officers stopped the bus at 4510 East Capitol Street, NE, Washington, D.C. to locate Defendant.  Defendant was located in the back left seat of the bus, placed in handcuffs, and apprehended.  *See* Figures 1, below.



**Figure 1: Defendant on Metro Bus #3062**

2

An officer then conducted a protective pat down of Defendant. During the pat down, law enforcement located and recovered a firearm from Defendant's front waistband. *See* Figure 2, below.



**Figure 2: Law Enforcement Protective Pat Down Leading to the Recovered Beretta 92S, 9mm Firearm**

The firearm recovered from Defendant was a Beretta 92S, 9mm caliber, semi-automatic handgun with serial number X09670Z. It appeared to be fully functional, able to expel a projectile by means of an explosive, had a barrel length of less than twelve inches, and had the ability to be fired by the use of a single hand. The firearm was loaded with one round of ammunition in the chamber and 15 rounds in a 15-round capacity magazine. *See* Figure 3, below. Law enforcement record checks indicate that the firearm in Defendant's possession is registered to an 85-year-old male, not to Defendant. After the pistol was removed from Defendant's waistband, he was placed under arrest. Search incident to arrest, law enforcement subsequently located a Maryland identification card from Defendant, which confirmed his identity as the individual wanted on the Newport News, Virginia arrest warrant.



**Figure 3: Recovered Beretta 92S, 9mm Firearm and Ammunition**

At the time of this offense, Defendant was previously convicted of a crime punishable by a term of incarceration greater than one year.  Specifically, on May 19, 2015, Defendant was convicted of Burglary in the First Degree in the Seventh Judicial Circuit Court of Maryland, case number CT150482X, and sentenced to 20 years' imprisonment, with 15 years suspended.  Within the same Circuit Court of Maryland case, Defendant was convicted of Use of Handgun in the Commission of a Crime of Violence and sentenced to 20 years' imprisonment, with 15 years suspended, and five years of supervised probation.

On March 3, 2026, Defendant was initially charged for the instant conduct in the Superior Court of the District of Columbia for Carrying a Pistol Without a License Outside Home or Place

of Business and Unlawful Possession of a Firearm, Prior Conviction, under case number 2026 CF2 003172. On March 4, 2026, the government charged Defendant by complaint in the U.S. District Court for the District of Columbia. Defendant was charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Defendant's Initial Appearance was held on March 4, 2026.

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e). When determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. *See* 18 U.S.C. § 3142(g).

In making the pretrial detention determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery

device.  *See Smith*, 79 F.3d at 1210 and *Williams*, 798 F. Supp. at 36.

The Government seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm).  The facts and circumstances in this case demonstrate that there are no conditions or combination of conditions that would assure the safety of the community or Defendant's return to Court should he be released.  *See* 18 U.S.C. § 3142(e)(1).  All four § 3142(g) factors favor detention pending trial, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.

## I.    <u>The Nature and Circumstances of this Offense Merit Detention.</u>

The scourge of guns like the one that Defendant possessed fundamentally threatens this community's safety, and this Court has repeatedly warned against discounting the inherent danger associated with loaded guns.  *See United States v. Blackson*, 2023 WL 1778194, at *7-8 (D.D.C. Feb. 6, 2023), *aff'd,* 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023) (explaining that the absence of evidence of "use" "does little to detract from" the danger posed by a firearm "loaded with 19 rounds of ammunition in an extended magazine, . . . more ammunition than the gun was originally manufactured to carry, thereby increasing its potential to do greater harm" and placement "at the ready, on his person, and easily within reach"), *aff'd,* No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023); *see also United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020) (Faruqui, M.J.) (holding that a defendant should be detained pretrial in part because "the firearm recovered from the defendant's person had a round already chambered, making the circumstances even more troubling"), *aff'd* (D.D.C. Nov. 5, 2020).

This crime presents a particular danger to the community for several reasons.  First,

Defendant possessed a loaded firearm while on public transit, on a Monday afternoon, with 19 other individuals on a bus with him.  Second, Defendant's firearm had one bullet in the chamber, making it easy to fire, and a full magazine of 15 rounds that were accessible to load.  Third, the firearm Defendant possessed is registered to an 85-year-old male, not to Defendant.  Defendant's behavior risked the safety of members of the community at the Minnesota Avenue Metro Station, members of the community on the bus, and members of law enforcement who made contact with Defendant.

The Court has repeatedly held that even the possession of an illegal firearm poses a risk of danger to the community.  *See, e.g.*, *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a serious danger to the community."); *United States v. Gassaway*, No. 21-cr-550 (RCL), 2021 U.S. Dist. LEXIS 175978 at *9-10 (D.D.C. Sept. 16, 2021) (collecting cases and holding that unlawful firearm possession is dangerous to the public); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 U.S. Dist. LEXIS 172978, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

Defendant's possession of a firearm, despite his status as a convicted felon, demonstrates either an inability or unwillingness to comply with the District of Columbia's firearms law.  Even more troubling, as discussed in greater detail below, Defendant is no stranger to using illegal firearms to commit crimes and endanger others.  In 2015, Defendant was convicted of First Degree Burglary and Use of Handgun in the Commission of a Crime of Violence, offenses that involved

a firearm discharging while victims were present. *See* Gov't Exh. A – Proffer of Facts at 14. Defendant nevertheless unlawfully obtained yet another firearm after sustaining convictions that clearly prohibited him from possessing one. This pattern of conduct underscores Defendant's continued disregard for the law and demonstrates that he cannot be trusted to comply with any conditions of release.

The danger posed by firearms, such as the one recovered here, cannot be overstated. It is also particularly concerning that Defendant kept his weapon loaded and ready to use. And Defendant created an even greater risk to himself, the community, and the officers involved in his arrest by possessing the firearm on a crowded public bus. Defendant's conduct emphasizes his disregard for court-ordered rules and laws regulating his conduct in regard to contraband, especially in light of his prior convictions involving firearms. Accordingly, this factor favors detention.

## II.    The Weight of the Evidence Against Defendant Favors Detention.

The second factor to be considered—the weight of the evidence—also favors detention. The Government's case against Defendant is strong.[2] Officers located a firearm directly on Defendant's person, concealed underneath his sweatshirt and jacket, in the front waistband of his

---

[2] Here, the weight of the evidence should be considered equally with the other § 3142 factors. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 U.S. Dist. LEXIS 18988, at *29-30. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Moreover, the Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-50 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang*; this factor should be given no less weight.

pants.  The discovery of the weapon was captured on law enforcement body worn camera footage.

"[I]f the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true."  *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *29-30.  So it is in this case: the weight and strength of the evidence increases the prospect that Defendant will present a danger to the community if released.

## III.    <u>Defendant's History and Characteristics Also Favor Detention.</u>

The third factor—the history and characteristics of the defendant—also favors detention. According to the Pretrial Services Report, Defendant has two prior adult convictions for violent offenses and one bench warrant.[3]

First, on March 13, 2015, law enforcement officers responded to a report of a residential robbery in Maryland.  The victim identified the Defendant as one of the perpetrators who held members of their family at gun point inside their home, along with another suspect.  *See* Gov't Exh. A – Proffer of Facts at 14.

The victim recognized the Defendant even though his face was partially covered because Defendant and the victim had previously attended school together and were acquaintances.  The circumstances of this crime are particularly disturbing because Defendant and another perpetrator forced members of the family to walk to different areas of their home at gunpoint, in a search for money.  During the robbery, the victim who later identified Defendant was having her pockets searched when a gun was discharged.

---

[3] Although the Pretrial Services Report lists 35 prior arrests, Pretrial Services has indicated that number may not be correct.

In total, there were three family members that were victims of this crime due to Defendant's actions. As a result of his conduct, Defendant was convicted of Burglary in the First Degree and Use of Handgun in the Commission of a Crime of Violence and sentenced to 20 years' imprisonment, with 15 years suspended.[4]

Second, a warrant was issued for Defendant's arrest on December 29, 2025, in Newport News, Virgina for Aggravated Malicious Wounding. It is particularly troublesome that the crime Defendant is accused of involves the use, attempted to use, or display in a threatening manner, a firearm. *See* Gov't Exh. C – Newport News, Virginia Arrest Warrants at 19. In that case, Defendant is accused of shooting a victim while attempting to illegally purchase marijuana with "prop money" on September 23, 2025. *See* Gov't Exh. B – Newport News, Virginia Probable Cause Statement at 17. Instead of purchasing the marijuana, Defendant allegedly attempted to rob the sellers with another suspect.

Defendant's history of criminal convictions and accused offenses favor detention. Defendant has been convicted of using a firearm for two separate offenses that are 10 years apart. Further, Defendant was arrested in Washington, D.C. with a firearm in his front waistband, prompting the instant case. For these reasons, Defendant's repeated criminal history and characteristics favor detention.

**IV.    <u>Defendants Present a Danger to Our Community.</u>**

The fourth and final factor—danger to any person or the community posed by Defendant's release—similarly weighs in favor of detention. The D.C. Circuit has noted that "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and

---

[4] Defendant was sentenced to five years of supervised probation for his Use of Handgun in the Commission of a Crime of Violence conviction.

articulable threat to an individual or the community," pretrial detention is available to "disable the arrestee from executing that threat." *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). This factor requires the Court to make a "forward looking determination" about the defendant's risk of danger to the community, keeping in mind that detention may be justified even if the Court does not explicitly find that the defendant is a risk of committing acts of violence. *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing *Munchel*, 991 F.3d at 1283).

Focusing on the circumstances here and looking forward, Defendant's conduct shows a repeated, flagrant, and unjustifiable disregard for the safety of the community. First, Defendant's conduct jeopardized members of the community at the Minnesota Avenue Metro Station where the public is expected to frequent, in order to ride public transit on a weekday. In addition, Defendant's conduct jeopardized the lives of 19 members of the community that traveled on a public bus with him. While on that bus, Defendant's firearm had one round in its chamber and 15 other rounds of ammunition easily accessible. Second, Defendant has two prior convictions in Maryland in which a firearm was used and fired. Third, Defendant was issued a warrant for using, attempting to use, or displaying a firearm in a threatening manner to commit a malicious wounding in Newport News, Virginia. Fourth, Defendant was found with a firearm on his person in the instant case. Defendant's history is an indication of how he would perform on supervision if he were released in the instant matter. Given Defendant's history with guns, his conduct portends continued possession of illegal firearms. Accordingly, this factor also favors detention.

## CONCLUSION

The Government respectfully requests that the Court issue an Order granting its motion that Defendant be held without bond pending trial.

11

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:     /s/ Ursula Simmons
          Ursula Simmons
          NY Bar No. 5816061
          Assistant United States Attorney
          Federal Major Crimes Section
          United States Attorney's Office for D.C.
          601 D Street NW, Fifth Floor
          Washington, D.C. 20530

# Government Exhibit A (Proffer of Facts)

**PROFFER OF FACTS**

On 2/13/15 at 1007 hours, officers responded to 6706 Hawthorne St., Landover, MD for the report of a residential robbery. Upon arrival, officers made contact with the victim, ████████, who advised that she had been upstairs in her bedroom sleeping when she heard banging on her front door. She said that the knocking continued and she heard one of her children, ████████████, answer the front door. The next thing that she heard was someone running down the stairs. ████████ got out of bed and was about to go investigate when a male entered her bedroom. The male put a gun in her face and said, "Where is the money at? Where the money at?" The male suspect was repeatedly asking her for the money. The victim said that she didn't know what he was talking about. The suspect was wearing a mask that covered his face. The suspect then grabbed the victim's pocket book and again said, "Where the money at?"

The Defendant then put the gun to the victim's head and began to force her to walk downstairs. When she got downstairs, she observed that there was another suspect who was standing over her son, who was on the ground. The second suspect had a gun to her son's head. The suspect that was pointing the gun at ████████ then told her to go over to the bathroom and lay down with her head on the floor.

The victim's daughter, ████, was also forced by the suspects at gun point to come downstairs and lay down. The suspects continuously asked the victims where the money was at. One of the suspects then went upstairs and could be heard disturbing things and apparently searching for something. The other suspect remained downstairs with the victims. He went through a closet and then started to go through all of the pockets of the victims. While going through ████████ pocket his gun fired.

This suspect then began to call upstairs to the second suspect for him to hurry up so that they could get out of there. The suspects then locked the victim in the bathroom. They continued to go through the victims' property and eventually fled the home.
The victims were then able to notify the police. They looked through their home and found that the following items were missing: the victim's purse, wallet that contained $30, 2 cell phones, the victim's house and car keys, a television, and an assortment of electronics.
Officers then interviewed the victims. ████████ told officers that she recognized one of the suspects as Defendant Darryl Goldston. She stated that she was able to see through portions of the mask that he was wearing and that she recognized his voice.

████████ said that while she was laying on the floor, she said to the defendant, "why are you doing this?" and he responded, "Don't look at me!" ████████ told officers that she and Darryl used to go to school together and that they were acquaintances. In fact, she stated that the last time she had seen the Defendant was about a month prior to this incident and during that interaction he had asked her if she knew where to get a gun, and she said, "NO." ████████ did not know the Defendant's last name. Through investigative means officers developed the defendant as a suspect. ████████ was then shown and identified a photograph of the defendant (confirmatory) as being one of the individuals who had committed this act. Detectives then obtained an arrest warrant for the defendant.

Det. Layden then learned that the defendant was on probation in DC for a robbery case.  Det. Layden spoke to the defendant's PO and learned that he had a meeting with the PO on 2/23/15.  Officers then responded to the POs office on 2/23/15, where they located the Defendant and took him into custody.  The Defendant was then transported to CID where he was advised of and waived his rights.  The Defendant denied his involvement in the robber.  He was then transported to DOC where he was charged.

# Government Exhibit B (Newport News, Virginia Probable Cause Statement)

### PROBABLE CAUSE STATEMENT

### Darryl GOLDSTON

On September 23, 2025, at 2113 hours, dispatch received a 911 call for a shooting in the area of Marcus Drive and Old Oyster Point Road with the caller stating a male was shot in the side.

Officers arrived on scene and located an individual, identified in this document as Victim 1, with a gunshot wound to the left side of his chest. Officers rendered aid until Newport News Medics arrived and transported Victim 1 to Riverside Regional Medical Center with life threatening injuries.

Officers located the crime scene in front of 966 Marcus Drive. Detective L. Holland interviewed a male, identified in this document as Witness 1, who was with the victim during this incident. Witness 1 eventually stated he and Victim 1 were attempting to sell marijuana to two black males who in turn attempted to rob them of the marijuana and shot Victim 1. The money handed to Victim 1 by the shooter was prop money. Due to his condition, Victim 1 was initially unable to be interviewed.

Detectives observed several vacuum sealed bags of marijuana in a black gift bag on the sidewalk in front of 966 Marcus Drive. A matching gift bag was in the backseat of the vehicle Victim 1 was operating. The vehicle was seized and taken to the impound lot pending a search warrant.

When Victim 1 was able to be interviewed, he provided the same version of events as Witness 1. Victim 1 suffered cosmetic disfigurement as a result of being shot.

Through the investigation, Detectives developed Darryl GOLDSTON as a suspect in this incident. On November 13, 2025, Victim 1 positively identified GOLDSTON from a photographic lineup as the shooter in this case. On November 14, 2025, Witness 1 positively identified GOLDSTON from a photographic lineup as the shooter in this case.

I am seeking charges against Darryl GOLDSTON for violations of the following Virginia State Codes:
- 18.2-51.2 – Aggravated Malicious Wounding
- 18.2-53.1 – Use of a Firearm in Commission of a Felony
- 18.2-56.1 – Reckless handling of firearms
- 18.2-53 – Shooting, etc., in committing or attempting a felony
- 18.2-170 – Forging coin or bank notes

_____  
Date

_____  
Detective L. Holland #1913  
Newport News Police Department  
Major Crimes Division- Aggravated Assault Unit

Subscribed and sworn before me this day

_____  
Date

_____  
Clerk          Magistrate          Judge

# Government Exhibit C
# (Newport News, Virginia Arrest Warrants)

# WARRANT OF ARREST – FELONY

COMMONWEALTH OF VIRGINIA    Va. Code § 19.2-71, -72

CASE NO. ....................

ACCUSED:
**GOLDSTON, DARRYL, JEROME**
LAST NAME, FIRST NAME, MIDDLE NAME

**5707 J Street**
ADDRESS/LOCATION

**Fairmount Heights, MD 20743**

| | COMPLETE DATA BELOW IF KNOWN | | | | | | |
|---|---|---|---|---|---|---|---|
| RACE | SEX | BORN MO. DAY YR. | FT. | IN. | WGT. | EYES | HAIR |
| B | M | 09/30/1995 | 6' | 02" | 172 | BRO | BLK |

SSN    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    STATE

[ ] Commercial Driver's License
[ ] Commercial Motor Vehicle  [ ] Hazardous Materials

**CLASS ___U___ FELONY**

[ ] EXECUTED by arresting the Accused named above
on this day: ....................

.................... for ....................
BADGE NO., AGENCY AND JURISDICTION

.................... for ....................
SHERIFF

.................... Arresting Officer
DATE AND TIME OF SERVICE

Attorney for the Accused: ....................

for ....................

Short Offense Description (not a legal definition):
**FIREARM: USE IN COMMISSION OF FELONY, 1ST OFF**

Offense Tracking Number:
**701GM250001817I**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code: **ASL-1319-F9**

Hearing Date/Time

---

Newport News ....................
CITY OR COUNTY

[x] General District Court  [x] Criminal  [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

TO ANY AUTHORIZED OFFICER:
You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the charge that the Accused, within this city or county, on or about **09/23/2025** .................... did unlawfully and feloniously, in violation of Section

**18.2-53.1** .................... Code of Virginia:
use, attempt to use, or display in a threatening manner a firearm while committing or attempting to commit, aggravated malicious wounding.

I, the undersigned, have found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of ....................
.................... Complainant.

**CCRE/Fingerprinting Required**

**OFCR. HOLLAND, L.N. #1913, NNPD**

**12/29/2025 10:47 AM**
DATE AND TIME ISSUED

.................... _B E W_
B. E. Washington
[ ] CLERK  [x] MAGISTRATE  [ ] JUDGE

FORM DC-312 (MASTER, PAGE ONE OF TWO) 03/21



FELONY

19

# WARRANT OF ARREST – FELONY

COMMONWEALTH OF VIRGINIA    Va. Code § 19.2-71, .72

[x] General District Court [x] Criminal [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

CASE NO. ...................................................

ACCUSED: ...................................................

GOLDSTON, DARRYL JEROME
LAST NAME, FIRST NAME, MIDDLE NAME

5707 J Street
ADDRESS/LOCATION

Fairmount Heights, MD 20743

| RACE | SEX | COMPLETE DATA BELOW IF KNOWN | | | | | | |
| | | MO. BORN DAY. YR. | FT. | IN. | WGT. | EYES | HAIR |
| B | M | 09/30/1995 | 6' | 02" | 172 | BRO | BLK |

SSN  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

DL#                        STATE

Newport News
CITY OR COUNTY

TO ANY AUTHORIZED OFFICER:
You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and
bring the Accused before this Court to answer the charge that the Accused, within this city or county,
on or about 09/23/2025 .................................... did unlawfully and feloniously in violation of Section
................................................................................................................. Code of Virginia:

18.2-51.2
maliciously shoot, stab, cut, or wound ███ with the intent to maim, disfigure, disable or kill, where the victim was
thereby severely injured and was caused to suffer permanent and significant physical impairment.

[ ] Commercial Driver's License
[ ] Commercial Motor Vehicle [ ] Hazardous Materials

CLASS  2    FELONY

[ ] EXECUTED by arresting the Accused named above
on this day:

.................................................
DATE AND TIME OF SERVICE

......................................., Arresting Officer
BADGE NO., AGENCY AND JURISDICTION

for ..................................................
SHERIFF

Attorney for the Accused: ..................................

Short Offense Description (not a legal definition):
ASSAULT: MALICIOUS, VICTIM SEVERELY INJURED

Offense Tracking Number:
701GM2500018170

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:  ASL-1336-F2

I, the undersigned, have found probable cause to believe that the Accused committed the offense
charged, based on the sworn statements of
.................................................... Complainant.

12/29/2025 10:46 AM
DATE AND TIME ISSUED

OFCR  HOLLAND, L.N.  #1913  NNPD
[ ] CLERK  [x] MAGISTRATE  [ ] JUDGE

B. E. Washington

OFCR  HOLLAND, L.N.  #1913  NNPD

CCRE/Fingerprinting Required

FOR
12

CC
01
I, ch

Hearing Date/Time

20

# WARRANT OF ARREST – FELONY

COMMONWEALTH OF VIRGINIA    Va. Code § 19.2-71, -72

[x] General District Court [x] Criminal [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

Newport News .......................................................
CITY OR COUNTY

**TO ANY AUTHORIZED OFFICER:**
You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and
bring the Accused before this Court to answer the charge that the Accused, within this city or county,

on or about **09/23/2025** ........................ did unlawfully and feloniously in violation of Section

**18.2-170** ........................................................., Code of Virginia:

utter, or attempt to employ as true a false, forged, or base coin, note or bill, knowing it to be false, forged or base.

COPY

I, the undersigned, have found probable cause to believe that the Accused committed the offense
charged, based on the sworn statements of ........................................., Complainant.

**OFCR  HOLLAND, L.N  #1913  NNPD**
CCRE/Fingerprinting Required

12/29/2025 10:59 AM
DATE AND TIME ISSUED

B. E. Washington

[ ] CLERK    [X] MAGISTRATE    [ ] JUDGE

---

CASE NO. ....................................

ACCUSED: ....................................
**GOLDSTON, DARRYL, JEROME**
LAST NAME, FIRST NAME, MIDDLE NAME

**5707 1 Street,** ....................................
ADDRESS/LOCATION

**Fairmount Heights, MD 20743** ....................................

| RACE | SEX | BORN | | | HT. | | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| B | M | MO. 09 | DAY 30 | YR. 1995 | FT. 6' | IN. 02" | 172 | BRO | BLK |

SSN  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

DL#  ........................    STATE  ........................

Hearing Date/Time ....................................

[ ] Commercial Driver's License
[ ] Commercial Motor Vehicle [ ] Hazardous Materials

## CLASS  4  FELONY

[ ] EXECUTED by arresting the Accused named above
on this day: ....................................

DATE AND TIME OF SERVICE

........................................., Arresting Officer

BADGE NO., AGENCY AND JURISDICTION

for ....................................

SHERIFF

Attorney for the Accused: ....................................

Short Offense Description (not a legal definition):
**BANK NOTE/COIN: FORGERY OR EMPLOY AS TRUE**

Offense Tracking Number:
**701GM250001817 4**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:  **FRD-2514-F4**

FELONY

COMMONWEALTH OF VIRGINIA    Va. Code § 19.2-71, -72

# WARRANT OF ARREST – FELONY

[x] General District Court [x] Criminal [ ] Traffic
[ ] Juvenile and Domestic Relations District Court

Newport News
...............................................
CITY OR COUNTY

TO ANY AUTHORIZED OFFICER:

You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the charge that the Accused, within this city or county,

on or about **09/23/2025** ............................................. did unlawfully and feloniously, in violation of Section

**18.2-53** ............................................................................................, Code of Virginia:

unlawfully stab, cut, or wound ▇ in the commission or attempted commission of a felony.

I, the undersigned, have found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of

OFCR. HOLLAND, L.N. #1913 NNPD ............................................. Complainant.

B E Washington

[ ] CLERK    [X] MAGISTRATE    [ ] JUDGE

**CCRE/Fingerprinting Required**

12/29/2025 10:49 AM
............................................
DATE AND TIME ISSUED

FORM DC-312 (MASTER, PAGE ONE OF TWO) 03/21

---

CASE NO. ..............................................

ACCUSED:
GOLDSTON, DARRYL JEROME
...............................................
LAST NAME, FIRST NAME, MIDDLE NAME

5707 J Street,
Fairmount Heights, MD 20743
...............................................
ADDRESS/LOCATION

COMPLETE DATA BELOW IF KNOWN

| RACE | SEX | MO. | DAY | YR. | FT. | IN | WGT. | EYES | HAIR |
|------|-----|-----|-----|-----|-----|-----|------|------|------|
| B | M | 09/30/1995 | | | 6' | 02" | 172 | BRO | BLK |

| | | BORN | | | HT. | | | | |

SSN ............ 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

DL# ............................    STATE ............

[ ] Commercial Driver's License
[ ] Commercial Motor Vehicle [ ] Hazardous Materials

## CLASS 6 FELONY

[ ] EXECUTED by arresting the Accused named above on this day:

......................................................
DATE AND TIME OF SERVICE

......................................................
Arresting Officer

......................................................
BADGE NO., AGENCY AND JURISDICTION

for ...................................................
SHERIFF

Attorney for the Accused: ..........................

Short Offense Description (not a legal definition):
**ASSAULT: SHOOT, STAB, ETC IN COMMISSION OF FELONY**

Offense Tracking Number:
**701GM250018173**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:    **ASL-1318-F6**

Hearing Date/Ti

F